UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY MABON, | No. 2:13-cv-2208 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| SWARTHOUT, et al., | |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claims that while he was housed at California State Prison, Solano ("CSP-SOL"), certain defendants falsified evidence which was then used by other defendants to wrongfully validate him as a member of the Black Guerrilla Family prison gang ("BGF"), resulting in his placement in administrative segregation for over two years; that the source items used to validate plaintiff were not investigated or verified; and that he suffered numerous due process violations concerning various hearings to continue to classify him as a BGF member; all in violation of his due process, equal protection, and Eighth Amendment rights.

On August 25, 2015, defendants filed a motion for summary judgment. Plaintiff was granted an extension of time to oppose the motion. Rather than file an opposition, plaintiff filed a motion to compel production of documents, and a request for additional discovery and production

1

of documents. Defendants oppose both motions.[1] Plaintiff did not file a reply.

As set forth below, plaintiff's motion to compel is deemed withdrawn, his motion to produce documents and to reopen discovery is denied, and plaintiff is granted one final extension of time to file an opposition to the motion for summary judgment.

II. Background

On December 15, 2014, the undersigned issued a discovery and scheduling order, setting a discovery deadline for April 3, 2015. (ECF No. 29.) On April 16, 2015, pursuant to agreement by the parties, the discovery deadline was extended to June 2, 2015, and the pretrial motions deadline was extended to August 25, 2015. (ECF No. 33.) Defendants filed a motion for summary judgment on August 25, 2015. (ECF No. 36.)

III. Motion to Compel Production of Documents

In this motion, plaintiff seeks a court order requiring prison officials to provide him with a redacted version of the confidential portion of plaintiff's central file. Plaintiff claims that on October 19, 2015, he received, for the first time, 1800 pieces of "evidence documentation" pursuant to Rule 56(c). (ECF No. 49 at 2.) Plaintiff contends that nowhere in his central file is there any documented proof that plaintiff's witness, Lamar Stevens, was ever interviewed by Lt. R. Soria. Plaintiff claims that he cannot oppose the motion for summary judgment without a redacted copy of the confidential portion of his central file because it contains direct evidence proving his claim concerning what Lamar Stevens told plaintiff's wife, as well as to prove his claims that he was not identified by an informant as being involved in any staff plot, and wants to submit a redacted version of the informant's statement to the Institutional Gang Investigators ("I.G.I."). (ECF No. 49 at 2-3.) Plaintiff claims that despite writing his counselor and the litigation coordinator twice a week since October 21, 2015, he was only notified on November 30, 2015, that he needs to have a court order to obtain such documents.

Defendants oppose the motion, arguing that plaintiff's subsequent motion withdrew the motion to compel, based on plaintiff's statement:

---

[1] Defendants sought a two day extension of time, *nunc pro tunc*, to file their opposition to plaintiff's motion to compel. Good cause appearing, defendants' motion (ECF No. 52) is granted.

> Plaintiff request [sic] that this motion . . . be taken [in precedent] over the one sent before it on the grounds Plaintiff is submitting @ this time, [evidence to prove Defendants has [sic] submitted false evidence under the penalty of perjury] in hopes of defrauding this honorable court!

(ECF No. 50 at 3:28-4:5.) Defendants note that the subsequent filing repeats plaintiff's requests for confidential documents and documentation related to a call between defendant Soria and inmate Stevens, and plaintiff's additional arguments for disclosure support such an inference. In the alternative, defendants contend that plaintiff's motion is untimely because it was filed more than six months after discovery closed, and is procedurally defective because the motion fails to identify any specific discovery request for which the court can compel a response. In addition, plaintiff sought the material from this central file after discovery had already closed, and it appears he did not subpoena the documents.

Defendants' arguments are well taken. In light of plaintiff's request that his subsequent motion be considered over the previously-submitted motion to compel, plaintiff's motion to compel is deemed withdrawn.

IV.  Request for Additional Discovery

In this subsequent and unverified filing, plaintiff seeks additional discovery to oppose the pending motion for summary judgment. The court construes this request as a request pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff seeks a copy of his outgoing and incoming legal mail logs from CSP-SOL between January 1, 2010, through November 9, 2015; a copy of his administrative appeals log; documentation from a telephone call between defendant Soria and inmate Stevens; redacted confidential documents from his central file, including all documents listed on his October 12, 2015 Olson Review document; a number of closure reports, and redacted versions of all 128-Bs, 10/30's, and confidential memoranda listed in his central file for many dates. Plaintiff claims that the mail log will show that he sent administrative appeals to the Office of Correctional Safety ("OCS") on March 21, 2011, and to defendant Soria via Correctional Officer Sealee on November 2, 2011. Plaintiff contends that once he gave these officials his "documentation," his "evidence is considered filed." (ECF No. 50 at 2.) He argues that if and when these officials refused to answer, "all issued contained therein [are] considered

3

1 exhausted." (Id.) Plaintiff claims he also needs the mail log to rebut Defendants' Undisputed Fact ("DUF") 18 and DUF 61. As to the phone call between defendant Soria and inmate Stevens, plaintiff contends that inmate Stevens told plaintiff's wife that Stevens spoke to I.G.I. and confirmed everything he knew about Mr. Washington. Plaintiff claims Stevens is willing to testify accordingly. Plaintiff contends that "through these documents" he can prove that he was illegally confined based on an "illegal, false laundry list in violation of the Castillo [v. Terhune, No. C 94-2847-MJJ JCS (N.D. Cal. 1994)] settlement agreement." (ECF No. 50 at 3.)[2]

Defendants argue that plaintiff had over six months in which to conduct discovery, yet plaintiff conducted none. (ECF No. 54-1 at 1-2.) Defendants argue that plaintiff cannot invoke Rule 56(d) without demonstrating he diligently pursued discovery, relying on Martinez v. Columbia Sportswear USA Corp., 859 F.Supp.2d 1174, 1176 (E.D. Cal. 2012), aff'd, 553 F. App'x. 760 (9th Cir. 2014).

Further, defendants contend that plaintiff's request for redacted confidential documents from his central file is based on mere speculation, and he provides no evidence to demonstrate that any documents exist concerning the phone call between defendant Soria and inmate Stevens. Moreover, defendants argue that the requested discovery will not preclude summary judgment. Specifically, defendants argue that mail logs showing that plaintiff sent appeals to someone other than the appeals coordinator will not establish that plaintiff properly exhausted a grievance raising claims against defendants Marquez and Jefferson. Defendants claim plaintiff fails to demonstrate how his legal mail records will help him refute a fact (DUF 61) about what the appeal records

---

[2] In addition, plaintiff claims defendants submitted "false evidence." (ECF No. 50 at 4.) Plaintiff argues that McGriff could not have reviewed plaintiff's central file and determined that plaintiff was not authorized to possess the Oakland address because plaintiff claims that the April 10, 2005 128-B, which plaintiff contends McGriff claims he reviewed, was not scanned into plaintiff's central file until April 25, 2013. Plaintiff also contends that Thomas did not give plaintiff Thomas' attorney's contact information, as stated in DUF 28; rather, Thomas gave plaintiff contact information under Title 15 Section 3163, inmate assisting another in a legal matter. (ECF No. 50 at 4.) Defendants object and also clarify that their use of the word "attorney" was a typographical error, which they have now corrected in their notice of errata (ECF No. 51). First, plaintiff's motion is not the appropriate filing in which to challenge defendants' evidence. Second, McGriff's declaration does not state that he reviewed plaintiff's 128B dated April 10, 2005. (ECF No. 37-5 at 20.)

4

show.  With regard to DUF 18, which states that there is no appeal record that plaintiff submitted an appeal, accepted or screened out, within fifteen days of October 30, 2010, defendants maintain that a log of outgoing mail would not refute his failure to submit such appeal to the appeals coordinator.  Defendants contend that plaintiff's request for appeal logs is moot because defendants provided the appeal logs with their motion.  (ECF No. 54 at 6.)  Defendants oppose plaintiff's request for closure reports regarding plaintiff's validation investigation because he failed to explain how post-validation meetings would create a dispute of fact as to his pre-validation due process.  Moreover, defendants argue that plaintiff failed to identify which fact the closure reports would address or how it would enable him to oppose summary judgment.  Defendants argue that plaintiff should not be provided the confidential documents sought because the OCS rejected the documents and did not rely on them to validate plaintiff, and the documents will not create a dispute of fact regarding pre-validation housing decisions made by the California Department of Correction and Rehabilitations ("CDCR").  In addition, defendants argue that disclosure of confidential information would jeopardize the safety and security of CSP-SOL and other inmates, and redaction is not possible to preserve such interests.  Defendants also oppose plaintiff's request for confidential documents listed in the "10/12/15 Olson Review Document," because the document was created after plaintiff was validated and two years after this action was filed.  Defendants argue that the withheld confidential documents are not sufficiently described on the form to ascertain their relevance, and range in date from 2006 to 2015, thus exceeding the 2010 to 2011 time frame at issue here.  Defendants contend that review of plaintiff's sealed gang validation package would show that none of these documents are relevant, and the November 10, 2010 date of source documents used to validate plaintiff is not listed on the Olson Review Document in any event.  (ECF No. 54 at 8.)

Rule 56(d) Standards

Rule 56(d) permits a party opposing a motion for summary judgment to request an order deferring the time to respond to the motion and permitting that party to conduct additional discovery upon an adequate factual showing.  See Fed. R. Civ. P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for specified reasons, it cannot present facts

5

essential to justify its opposition."); Local Rule 260(b) ("the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."). A Rule 56(d) affidavit must identify "the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

"Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988). Thus, summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim." Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004). "The burden is on the nonmoving party, however, to show what material facts would be discovered that would preclude summary judgment." Klingele, 849 F.2d at 412; see also Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists."). Moreover, "'[t]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.'" Conkle, at 914 (quoting California Union Ins. Co. v. American Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

Discussion

Plaintiff failed to provide an affidavit or declaration in support of his request, and failed to demonstrate that he was diligent during the discovery period. Indeed, the evidence shows that plaintiff propounded no discovery during the discovery period. In an abundance of caution, the undersigned will address the documents plaintiff seeks.

With regard to plaintiff's incoming and outgoing legal mail logs, the court cannot find that such logs are required to rebut the pending motion. Proper exhaustion of available remedies is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford v. Ngo, 548 U.S. 81, 90 (2006). A prisoner may be excused from complying with the PLRA's exhaustion

6

1  requirement if he establishes that the existing administrative remedies were effectively
2  unavailable to him.  See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014).  For example,
3  where prison officials improperly screen out inmate grievances, they render administrative
4  remedies effectively unavailable.  Sapp v. Kimbrell, 623 F.3d 813, 823, 824 (9th Cir. 2010) (To
5  demonstrate such an exception, "the inmate must establish (1) that he actually filed a grievance or
6  grievances that, if pursued through all levels of administrative appeals, would have sufficed to
7  exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his
8  grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.").
9  Plaintiff bears the burden of demonstrating that the administrative remedies were rendered
10 unavailable to him through no fault of his own.  Sapp, 623 F.3d at 822-23.

11      Here, the court cannot find that discovery of the outgoing or incoming legal mail logs
12 would assist plaintiff in rebutting the issue of exhaustion of administrative remedies.  The simple
13 act of mailing an administrative appeal to a prison official, standing alone, does not demonstrate
14 that plaintiff exhausted his administrative remedies, or that he properly submitted such appeal.
15 Plaintiff may submit his own declaration attesting to the date and fact that he mailed his appeal,
16 but he must demonstrate that the appeal he mailed would have exhausted his remedies as to the
17 claims raised here, that he pursued those claims through the third level of review, or that the
18 administrative remedies were rendered unavailable to him through no fault of his own.  The legal
19 mail logs are insufficient to so demonstrate.

20      With regard to inmate Stevens' conversation with McGriff, defendant Soria filed a
21 declaration in which he declares that he contacted Stevens at the direction of Warden Swarthout,
22 and at the end of Soria's investigation, he "provided an oral report to Warden Swarthout."  (ECF
23 No. 37-5 at 15, emphasis added.)  Plaintiff points to no evidence suggesting that written
24 documentation concerning this phone call is contained in the confidential portion of plaintiff's
25 central file.  Similarly, plaintiff points to no evidence suggesting that there is written confirmation
26 in his confidential central file concerning a conversation between inmate Stevens and plaintiff's
27 wife.  McGriff's declaration is the evidence upon which defendants rely as to his phone
28 conversation with Stevens.  If plaintiff wishes to rebut such evidence, he must provide a

declaration from inmate Stevens.

As noted by defendants, copies of plaintiff's appeal logs were provided in the evidence supporting their motion for summary judgment. Thus, plaintiff's request for the appeal logs is moot.

Plaintiff provided no factual support for his request for all closure reports regarding plaintiff's validation investigation for April 22, 2011, May 13, 2011, November 2, 2011, and December 20, 2010. Plaintiff fails to identify which undisputed fact these reports would address. Moreover, plaintiff was validated on March 23, 2011. He also fails to explain how reports issued in 2011, after he was validated, would demonstrate a material dispute of fact regarding what due process he was provided prior to the validation decision.

Finally, plaintiff renews his claim that he has been denied receipt of redacted portions of the confidential portion of his central file. Defendants submitted confidential documents from plaintiff's central file under seal. The court will perform an *in camera* review of such documents to the extent they are relevant to the issues herein. Moreover, the SSU Gang Validation/Rejection Review, signed on March 23, 2011, by defendants Marquez and Jefferson, confirms that while the November 30, 2010 and December 7, 2010 confidential memoranda were initially used as source items in plaintiff's validation package, such documents were found not to meet the validation requirements and were not used to validate plaintiff. (ECF No. 37-2 at 33.) Plaintiff has failed to demonstrate how such memoranda would create a dispute of fact as to plaintiff's due process claims. Similarly, plaintiff failed to demonstrate what facts the documents listed on the October 12, 2015 Olson Review Document would refute, particularly where the November 10, 2010 documents that were used in the gang validation process are not included in the October 12, 2015 list.

In sum, plaintiff fails to identify particular facts upon which he would rely to demonstrate that he should not have been gang-validated, or that his due process rights were violated, or to otherwise oppose defendants' motion for summary judgment. Because plaintiff does not provide any basis for believing that additional documents exist and have wrongfully been withheld from him, and because he fails to explain why any specific fact or facts within those records would

help him defeat defendants' motion, his Rule 56(d) request must be denied.  See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986) ("Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's discovery.  Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment.").

V.  Additional Requests

Plaintiff claims that the CDCR refused to allow him to make copies of his opposition evidence and exhibits over 500 pages.  However, with regard to exhibits, the record reflects that both parties submitted a large number of exhibits.  Plaintiff appended 261 pages with his original complaint (ECF Nos. 1-2 & 1-3.)  Defendants' motion for summary judgment is accompanied by over 1200 exhibits, most of which are authenticated records from plaintiff's central file.  (ECF Nos. 37-43; 54 at 8.)  In the instant request, plaintiff does not identify the over 500 exhibits he wishes to submit, and he does not affirmatively state that such exhibits have not previously been submitted to the court.  Plaintiff is advised that he may cite to defendants' exhibits by reference, just as he may cite to the exhibits he submitted with his complaint.  Plaintiff is not required to submit duplicate exhibits.  Because many of the exhibits that will be required for review by the court have previously been submitted by the parties, plaintiff's request is denied.  Plaintiff is cautioned to review the record and if a document has previously been provided, plaintiff shall cite to the document by reference rather than attaching it to his opposition.

Plaintiff further claims, without factual support, that he has been denied "28 line or blank pleading paper and pen fillers."  (ECF No. 54 at 8.)  First, as defendants note, the CDCR is not required to provide plaintiff with blank pleading paper.  Plaintiff may write the lines and numbers in by hand.  Second, the record reflects that plaintiff has timely and consistently filed documents, including the instant 12 page motion, on lined paper.  Third, plaintiff does not set forth facts explaining how he requested such supplies, and how such request was addressed.  After review of the record and plaintiff's motion, the undersigned finds that plaintiff failed to provide sufficient factual support to issue an order for supplies, and his request is denied.

////

VI. Final Extension of Time

Defendants filed their motion on August 25, 2015, almost five months ago. Plaintiff was previously granted a sixty day extension of time in which to oppose the motion. Therefore, plaintiff is granted one final extension of time in which to file an opposition to defendants' motion for summary judgment.³ No further extensions of time will be granted. Plaintiff is cautioned that failure to timely file an opposition will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.⁴

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for extension of time, *nunc pro tunc*, to oppose plaintiff's motion to compel (ECF No. 52) is granted;

2. Plaintiff's motion to compel (ECF No. 49) is deemed withdrawn;

3. Plaintiff's request for additional discovery and production of discovery (ECF No. 50), construed as a request under Rule 56 of the Federal Rules of Civil Procedure, is denied;

4. Plaintiff's request for additional orders (ECF No. 50) is denied; and

---

³ To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in defendants' Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict defendants' evidence with your own evidence, the court may accept defendants' evidence as the truth and grant the motion.

⁴ Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

     5.  Plaintiff is granted thirty days in which to file an opposition to the motion for summary judgment; defendants' reply shall be filed fourteen days thereafter.

Dated:  February 3, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mabo2208.56d